**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
PAUL W. GRIMM
CHIEF UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

January 18, 2012

Tracey Nicoll Pate, Esq.
Disability Associates
1226 Race Road, Suite B
Baltimore, MD  21237

Alex S. Gordon, AUSA
36 South Charles Street
4th Floor
Baltimore, MD  21201

> **Re: Doris Ann Rhodes v. Michael J. Astrue, Commissioner of Social Security, PWG-10-1373**

Dear Counsel:

Pending before the undersigned, by the parties' consent, are Cross-Motions for Summary Judgment concerning the Commissioner's decision denying Ms. Rhodes' claim for Disability Insurance Benefits ("DIB"). (ECF Nos. 11,15,18). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). A hearing is unnecessary. Local Rule 105.6.  For the reasons that follow, this Court GRANTS the Commissioner's Motion and DENIES the Plaintiff's Motion.

Doris Rhodes (sometimes referred to as "Ms. Rhodes" or "Claimant") applied for DIB on October 19, 2006, alleging that she was disabled as of February 9, 2004, due to lung disease, short term memory loss, chronic back pain and depression. (Tr. 13,120). Her claim was denied initially, and upon reconsideration. (Tr. 60-61). After a hearing held on November 12, 2008, before an Administrative Law Judge, the Honorable Judith A. Showalter, ("ALJ") denied her claim in a decision dated December 16, 2008. The ALJ found that Ms. Rhodes' asthma, lumbar degenerative disease, depression, headaches, and cognitive disorder were severe impairments, but they did not

meet, or medically equal, any of the listed impairments. (Tr. 13-14). The ALJ also found that Ms. Rhodes retained the residual functional capacity ("RFC") to perform less than a full range of light work[1] and that based on her RFC, she was precluded from performing her past relevant work ("PRW"). After receiving testimony from a vocational expert ("VE"), the ALJ found that there was work available in both the local and national economies that she could perform. Accordingly, the ALJ found that she was not disabled. (Tr. 11-22). On April 23, 2010, the Appeals Council denied Ms. Rhodes' request for review, making her case ready for judicial review. (Tr. 1-5).

Claimant raises several arguments in support of her contention that the Commissioner's final decision should be reversed or, in the alternative, remanded. The undersigned has considered all of the arguments and for the reasons that follow, this Court GRANTS the Commissioner's Motion and DENIES the Plaintiff's Motion.

Claimant argues that the ALJ erred in determining her RFC and in presenting hypotheticals to the VE by failing to consider all of her mental and physical limitations. *See* Plaintiff's Memorandum, pp. 10-12, 15-18. After review of the entire record, in particular the transcript of the administrative hearing, I disagree. First, the ALJ's decision documented her findings with reference to 20 CFR §404.1520a which requires ALJ's to follow a special technique when mental impairments are alleged. (Tr. 15). The ALJ also discussed all of the relevant medical opinions in her decision and discussed the basis for her decision in determining Ms. Rhodes' mental and physical RFC. (Tr. 18-19).

For example, in the four areas of functioning the ALJ found that Ms. Rhodes had "mild" restrictions in her activities of daily living and social functioning, "marked" difficulties in maintaining social functioning, "moderate" difficulties in concentration, persistence and pace, and found that she experienced no episodes of decompensation. (Tr. 15). Likewise, in presenting hypotheticals to the VE the ALJ properly

---

[1] The ALJ found Ms. Rhodes' capacity for a full range of work was diminished by her need to avoid concentrated exposure to temperature extremes, wetness, humidity, odors, dusts, gases, and poor ventilation. The ALJ found that she required simple, unskilled work but was able to follow and understand simple directions independently. (Tr. 15).

2

considered the limitations regarding her physical limitations[2]. This type of analysis is exactly what is required by the Regulations and Social Security Rulings ("SSR") 85-16 and 96-8p and the ALJ's findings were consistent with the state agency physicians' findings. (Tr. 274, 306, 314). For example, Dr. Hutchinson stated that Claimant had significant intermediate memory loss but in the same report also stated that Ms. Rhodes was able to understand and follow "simple directions independently." (Tr. 274).  In sum, the hypotheticals presented to the VE with the limitations the ALJ described, are supported by substantial evidence. *See* SSR 96-8p (1996 WL 374184 *7 (S.S.A)).

Ms. Rhodes' next argument is that the ALJ failed to assess her credibility appropriately, by failing to consider properly the allegations of pain and her numerous attempts to obtain a diagnosis and treatment for her alleged breathing difficulties. *See* Plaintiff's Memorandum, pp. 12-15.   However, after review of the ALJ's decision and the record, I find the Claimant's arguments are without merit.  The ALJ fully and adequately explained her credibility determination. *See* SSR 96-7p.[3]   In

---

[2] The ALJ presented the following hypothetical to the VE:

Q. And we will consider a hypothetical individual who is the claimant's stated age at onset. That would be 42 years. This person has a 12th grade education and they can read, write, and do simple math, adding and subtracting.  There are certain underlying impairments that place limitations on the ability to work related activities. In this particular hypothetical we'll start at a light level of exertion. Posturals are all occasional with no climbing of ladder rope or scaffold. There are certain underlying impairments that would cause a limitation to simple, unskilled work. Environmentally, this is a person who should avoid concentrated exposure to temperature extremes, wetness, humidity, odors, dust, gas, poor ventilation and hazards.  This person is able to follow and understand simple directions independently but, as I said, would be simple, unskilled work. I'm assuming you would rule out past relevant work?
A. Yes
(Tr. 55).

[3] SSR 96-7p, in relevant part, states:
4. In determining the credibility of the individuals statements the adjudicator must consider the entire case record, including the objective medical evidence, **the individual's statements about symptoms, statements and other information provided by treating or examining physicians or psychologists or other persons about symptoms with the rest of the relevant evidence in the case record** in reaching a conclusion about the credibility of the individual's statements if a disability determination or decision that is fully favorable to the individual cannot be made solely on the basis of objective medical evidence.

determining Claimant's credibility and the impact that her alleged impairments had on her ability to work, the ALJ noted her testimony, including her statements that she can prepare meals, care for her pets do her cleaning, drive, grocery shop, do her finances, and occasionally dine out. (Tr. 17). However, the ALJ's inquiry did not end there. The ALJ also considered Dr. Kulick's[4] and Dr. Barrish's findings as well as Dr. Kirk's findings. (Tr. 19). The ALJ adequately explained the reasons for rejecting Dr. Kirk's 2008 opinions that Ms. Rhodes could lift less than 10 pounds, could stand/walk for less than one hour, and needed to avoid all climbing, balancing and crawling, due to lung disease. (Tr. 19-20). The ALJ also explained in sufficient detail why she found Claimant's subjective complaints less than wholly credible. (Tr. 18-20). In sum, these factors, coupled with Ms. Rhodes' testimony regarding her activities, were appropriately considered[5], and they provide substantial support for the ALJ's conclusion.

In sum, the ALJ's decision is supported by substantial evidence and must be affirmed. Thus, for the reasons given,

---

5. It is not sufficient for the adjudicator to make a single, conclusory statement that "the individuals allegations have been considered or that the allegations are (or are not) credible." It is also not enough for the adjudicator to simply recite the factors that are described in the regulations for evaluating symptoms. **The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individuals statements and the reasons for that weight**. (1996 WL 374186 *1-*2) (emphasis added).

[4] Dr. Kulick stated that Ms. Rhodes should avoid exposure to dusts and other environmental agents that make her reactive airways disease activate.(Tr. 353). These limitations were included in the ALJ's RFC finding.

[5] SSR 96-7p also provides: the adjudicator must consider certain factors "in addition to the objective medical evidence when assessing the credibility of an individuals statements": Those factors include 1. The individual's daily activities; 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms ; 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board ); and  7. Any other factors concerning the individuals functional limitations and restrictions due to pain or other symptoms.
SSR 96-7p ( 1996 WL 374186, *2 (S.S.A.))

this Court GRANTS the Commissioner's Motion for Summary Judgment and DENIES Claimant's Motion.  A separate Order shall issue.

                                        Sincerely,

                                            /s/
                                        Paul W. Grimm
                                        United States Magistrate Judge